UNITED STATES BANKRUPTCY COURT  **Conference Date & Time**
SOUTHERN DISTRICT OF NEW YORK  **April 18, 2023 @ 10:00 am**
---------------------------------------------------------X

In Re:  Chapter 11
    HORGAN, INC.,  Case No. 23-10325 (DSJ)

                      Debtor.
---------------------------------------------------------X

# STATUS REPORT UNDER 11 U.S.C. § 1188(c)[1]

**TO: THE HONORABLE DAVID S. JONES,**
       **UNITED STATES BANKRUPTCY JUDGE:**

Kucker Marino Winiarsky & Bittens, LLP, proposed counsel for Horgan, Inc., the debtor and debtor in possession ("Horgan") under Subchapter V of Chapter 11 of the Bankruptcy Code, as and for this statement under 11 U.S.C. §1188(c), respectfully sets forth and alleges as follows on information and belief:

## BACKGROUND

1. Horgan is a corporation which engages in the business of staging for industry events and assistance in the production of theater performances and motion pictures. Deirdre Aska, a debtor in possession, in a related Subchapter V case pending before this Court (Chapter 11 Case No. 23-10327 (DSJ)) ("Deirdre") is the president and sole shareholder of the Debtor. Eairinn Aska, who is Deirdre's daughter, is also a debtor in possession in a related Subchapter V case pending before this Court (Chapter 11 Case No. 23-10328 (DSJ)) ("Eairinn") (Horgan, Deirdre, and Eairinn shall hereinafter be collectively referred to as the "Debtors").

2. Each of the three respective petitions is related in the fact that each Debtor has as its or her largest creditor the same entity, Chanel, Inc. ("Chanel"), and the amount of

---

[1] In anticipation of the Debtor's first status conference, this report contains information that exceeds the requirements of section 1188(c) of title 11 of the United States Code (the "Bankruptcy Code").

1

the alleged debt is in excess of $300,000.

3.   During all relevant times, Eairinn was most recently employed by Chanel as Group Director of Visual Merchandising.

4.   As part of her job responsibilities for Chanel, Eairinn had to travel often, and she incurred expenses on Chanel's behalf while performing her services as an employee. One of the material terms of Eairinn's employment by Chanel was that she was entitled to be reimbursed for valid expenses she incured while performing services for Chanel and while producing and sourcing material, furniture for events and pop-up retail environments.

5.   Eairinn did not have a Chanel corporate credit card from 2012 to 2019.

6.   During the relevant time period, Eairinn needed to use a third party's credit card to pay for expenses including travel expenses, hiring freelancers/photographers/ purchasing furniture/items for events, then have those charges reimbursed by Chanel whereupon she could repay the third party.

7.   The reason that Horgan was set up in the Chanel business system was to hire freelancers to assist in the window installation at Madison Ave Watch and Fine Jewelry Chanel store.

8.   While working outside of the New York Metropolitan area, Eairinn, as needed, would use her mother's credit card to pay for business expenses and subcontractor invoices that were laid out for the benefit of Chanel.

9.   Eairinn's immediate supervisor, who was Olivier Stip with the job title and authority as General Manager of the Chanel division, was aware of these circumstances and never objected to this procedure. Other Chanel personnel, including persons in the finance and accounting group, were aware of these circumstances and never objected to this procedure.

10. Mr. Stip and other persons were aware of Deirdre and Horgan and the fact that reimbursements provided by Chanel were transmitted to Deirdre and Horgan which had provided the funds to pay Chanel expenses.

11. On June 5, 2019, Chanel terminated Eairinn's employment. However, the alleged grounds were not actual misconduct, Chanel was aware of Eairinn's actions, and it was the responsibility of Olivier Stip.

12. On July 28, 2020, Chanel filed a lawsuit in the Supreme Court of the State of New York, in New York County, against Eairinn which also included Deirdre and Horgan entitled "Chanel, Inc. v. Eairinn Aska, Deirdre Horgan, and Horgan, Inc. (Index No. 155775/2020; assigned to IAS Part 17; Justice Shlomo Hagler) (the "State Court Action"). Chanel's allegations of misconduct by each Debtor who is a named defendant are false, and its claims that it was defrauded by Eairinn also are entirely false.

13. In addition to making false allegations against the three Debtors in the State Court Action, Chanel omitted to mention the fact it failed to reimburse Eairinn for more than $20,000 in valid expenses which she submitted to Chanel for reimbursement. These expenses are still due and owing from Chanel to Eairinn as of this date.

14. Chanel also unilaterally took possession of Eairinn's personal property with a value of not less than $15,000, failed to secure the property, and thus permitted it to be stolen. As of this date, those items of seized personal property have not been returned to Eairinn.

15. According to William D. Hummell, Esq., who defended the named defendants in the State Court Action;

    a. On October 23, 2020, the Debtors filed a unified answer denying all of the specious allegations in the complaint and asserting counterclaims

against Chanel for the funds owed to Eairinn and her personal property which Chanel failed to protect and permitted to be stolen.

b. The complaint filed by Chanel in the State Court Action does not quantify or, in any way, detail the basis for its alleged amount of the purported damages, in excess of $300,000. It contains no detailed breakdown, or even a summary, of the (allegedly) impermissible payments made to the Debtors. The logical conclusion is that Chanel's claim is specious, and that the Debtors did not engage in any wrongdoing whatsoever.

c. As previously noted, the complaint was filed by Chanel more than two years ago. However, substantively and procedurally the State Court Action is at an early stage. For example, no depositions have been taken.

d. The passage of time is attributable to Chanel having engaged in a tactic in which it failed to provide meaningful discovery responses. For example, Chanel, by its attorneys, refused to provide hard copies of documents and instead merely provided a hyperlink to a drop box controlled by their attorneys. In addition to providing a tool by which Chanel by its attorneys could keep track of the activities of Mr. Hummell while utilizing the drop box, the contents within the drop box were, in essence, indecipherable.

e. As to a different document request by the defendants, Chanel provided more than 10,000 pages of hard copy documents; however, they included multiples of some documents and there were substantial gaps.

f. The attorneys' fees and costs which the three defendants suffered in being forced to deal with Chanel's tactics and gamesmanship in the State Court

4

Action became overwhelming for them. The defendants (who now are the Debtors) do not have vast economic resources like Chanel.

g. Despite the fact that the defendants were innocent of the false charges, they simply could not afford to continue and therefore sought relief in the bankruptcy court.

h. According to Mr. Hummell, there are additional improprieties which Chanel caused Eairinn Aska to suffer.

16. It would be premature for the Debtors to attempt to include in this first status report the entire universe of relevant facts.

17. On March 7, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and the Debtors elected to be treated as a Small Business under Sub-Chapter V.

18. Since the Chapter 11 filing, the Debtors have continued in the management of his property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  Ronald Friedman, Esq. has been appointed as Subchapter V Trustee (the "Trustee") in each of the Debtors' cases.

## STATUS OF A CONSENUAL PLAN

19. This report is submitted pursuant to Section 1188(c) of the Bankruptcy Code which requires the Debtor to report to the Court as to the status of efforts to obtain a consensual plan. It provides as follows: "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188 (c).

5

20. As set forth above, the Debtors do not believe that Chanel has a viable against any of them. In fact, the Debtors have advised the undersigned counsel that they can verify the legitimacy of all payments made from Chanel to any of the Debtors. Moreover, most of the documents that are material and necessary to the assertion and defense of Chanel's claims are in the possession of Chanel. However, as of this date, Chanel has not produced any meaningful evidence detailing the basis for its claims other than electronic records which are blank or indecipherable.

21. To move this case forward on a fast track, the Debtors have obtained entry of an order setting May 8, 2023 (the "Bar Date") as the deadline for filing proofs of claim in their cases. The undersigned counsel for the Debtor has caused notice of the Bar Date to be served on all the Debtors' creditors, including Chanel.

22. The Debtors' goal in these cases is to have this Court determine the validity of any proof of claim filed by Chanel, as well as any claims filed by other alleged creditors, in accordance with the applicable Bankruptcy Rules under the auspices of this Court. The Debtors goal is to propose a viable and consensual plan to enable the Debtor to continue to operate its business and reorganize its financial affairs under the protection of Subchapter V of Chapter 11 of the Bankruptcy Code.

**DATED:** New York, New York
April 3, 2023

                          Kucker Marino Winiarsky & Bittens, LLP
                          Proposed Attorneys for Horgan Inc.

                          By: /S/ Joel M. Shafferman
                          Joel M. Shafferman, Of Counsel
                          747 Third Avenue
                          New York, New York 10017
                          Telephone: (212) 869-5030
                          Mobile: (917) 847-8050
                          Email: jshafferman@kuckermarino.com