**Hearing Date: May 9, 2023 at 10:00 a.m.**
**Objection Deadline: May 2, 2023 at 4:00 p.m.**

**LOWENSTEIN SANDLER LLP**
Jeffrey Cohen, Esq.
Michael A. Kaplan, Esq.
Rebecca J. Ryan, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Counsel to Chanel, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HORGAN INC., | Case No. 23-10325-DSJ |
| Debtor. | |

**NOTICE OF CHANEL, INC.'S APPLICATION PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS FROM, AND AUTHORIZING THE EXAMINATION OF, HORGAN, INC.**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on *Chanel, Inc.'s Application Pursuant to Bankruptcy Rule 2004 for an Order Directing the Production of Documents from, and Authorizing the Examination of, Horgan, Inc.* (the "Application"), will be held before the Honorable David S. Jones of the United States Bankruptcy Court for the Southern District of New York (the "Court") on May 9, 2023 at 10:00 a.m., prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing will be conducted via Zoom videoconference in accordance with General Order M-543 dated March 20, 2020. Parties wishing to appear at the Hearing, whether in a "live" or "listen only" capacity, must make an electronic appearance through the "eCourtAppearances" tab on the Court's website (https://www.nysb.uscourts.gov/content/judge-david-s-jones) no later than 4:00 p.m. on the

37319/2
04/05/2023 213371842.4

business day before the Hearing (the "Appearance Deadline").  Following the Appearance Deadline, the Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance.  Parties wishing to appear at the Hearing must submit an electronic appearance through the Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Court.  Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with Local Bankruptcy Rule 5005-2 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at https://www.nysb.uscourts.gov, the official website for the Court), with one hard copy delivered directly to Chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **May 2, 2023 at 4:00 p.m.** (the "Objection Deadline"), by: (a) bankruptcy counsel for Chanel, Inc., Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020, Attn: Jeffrey Cohen, Esq.; (b) the chapter 11 Trustee, Ronald J. Friedman, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753; and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, Chanel, Inc. may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit B** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that opposing papers, if any, are required to be served at least seven (7) days prior to the return date of this Application.

                                              **LOWENSTEIN SANDLER LLP**

Dated:  April 5, 2023                         */s/ Michael A. Kaplan*
                                              Jeffrey Cohen, Esq.
                                              Michael A. Kaplan, Esq.
                                              Rebecca J. Ryan, Esq.
                                              1251 Avenue of the Americas, 17th Floor
                                              New York, New York 10020
                                              Telephone: (212) 262-6700
                                              Facsimile: (212) 262-7402
                                              Email: jcohen@lowenstein.com
                                              Email: mkaplan@lowenstein.com
                                              Email: rryan@lowenstein.com

                                              *Counsel to Chanel, Inc.*

**Hearing Date: May 9, 2023 at 10:00 a.m.**
**Objection Deadline: May 2, 2023 at 4:00 p.m.**

**LOWENSTEIN SANDLER LLP**
Jeffrey Cohen, Esq.
Michael A. Kaplan, Esq.
Rebecca J. Ryan, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Counsel to Chanel, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HORGAN INC., | Case No. 23-10325-DSJ |
| Debtor. | |

**CHANEL, INC.'S APPLICATION PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS FROM, AND AUTHORIZING THE EXAMINATION OF, HORGAN, INC.**

Chanel, Inc. ("Chanel"), plaintiff in the civil action captioned *Chanel, Inc. v. Aska et al.*, Index No. 155775/2020 (N.Y. Sup. Ct. 2020) (the "Civil Action"), filed in the Supreme Court of the State of New York, County of New York, by and through its undersigned counsel, respectfully moves (the "Application") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of documents from, and authorizing the examination of, debtor Horgan, Inc. ("Horgan" or the "Debtor"). In support of the Application, Chanel respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Eairinn Aska ("Eairinn") is a former Chanel employee.[1]  Her most recent roles were Associate Director, and later, Group Director of Visual Merchandising for the Watch and Fine Jewelry Group.  In connection with her employment, Eairinn and the employees she supervised were entrusted with various duties, which required that they incur bona fide business expenses in performing such duties.  The employees Eairinn supervised were also entrusted with company cards to use for purchases, and Eairinn had the authority to approve charges to those cards.  Eairinn had a travel and expenses account she could use for reimbursement of business expenses and importantly, she also had the ability to approve vendor invoices issued to Chanel.

2.      Eairinn abused the trust Chanel placed in her by using Chanel as her own personal bank account, thus defrauding Chanel out of hundreds of thousands of dollars throughout the duration of her employment.  However, Eairinn did not act alone; she acted with and through her mother, Deirdre Aska a/k/a Deirdre Horgan ("Deirdre"), and the company Deirdre wholly owns and controls, Horgan, to defraud Chanel through submitting fraudulent invoices by Horgan ("Fraudulent Invoices").  Horgan posed as a vendor and submitted invoices for unnecessary work or work that was never performed.  Eairinn did not disclose to Chanel that Horgan was her mother's company and no employee in Eairinn's department knew what Horgan was or the services, if any, that Horgan provided.

3.      Aska created Fraudulent Invoices on her work laptop and submitted them for payment from Chanel.  Additionally, Eairinn pre-filled out the documentation to set Horgan up as a vendor in Chanel's payment systems and emailed that documentation, which would permit

---

[1]    Paragraphs 1 through 5 are based on the allegations in Chanel's Complaint filed in the Civil Action, *see* Complaint, *Chanel v. Aska, et al.*, No. 155775/2020 (N.Y. Sup. Ct. July 20, 2020), NYSCEF No. 1, which have not yet been adjudicated.

Horgan to accept bank transfers from Chanel to her mother Deirdre. Chanel, relying on the trust it had in Eairinn, submitted payments to Horgan for Fraudulent Invoices. Eairinn's inside knowledge of Chanel's process for retaining vendors and processing payments to vendors, along with her detailed knowledge of Chanel's actual promotional or marketing events, allowed Eairinn, Deirdre, and Debtor to submit and receive payment for Fraudulent Invoices totaling more than $300,000.

4.        Upon being confronted about the Fraudulent Invoices in June 2019 after Chanel's discovery of the scheme, Eairinn admitted that she prepared and submitted fake Horgan invoices reflecting services not provided to Chanel. Chanel suspended Eairinn and ultimately terminated her employment as a result of Chanel's discovery of the fraud Eairinn actively concealed.

5.        After discovering and further investigating this fraudulent scheme, on July 28, 2020, Chanel filed a Complaint in the Supreme Court of the State of New York, County of New York alleging one count of common law fraud against Eairinn, Deirdre, and Debtor ("Defendants"); one count of conversion against Eairinn, Deirdre, and Debtor; one count of unjust enrichment against Eairinn, Deirdre, and Debtor; and one count of faithless servant doctrine against Eairinn.

6.        On December 9, 2020, Chanel served its First Requests for Production of Documents ("Requests") on Defendants. After attempting for a year-and-a-half to resolve discovery disputes through meet-and-confers, Chanel moved to compel Defendants to comply with their discovery obligations and produce responsive documents and information in accordance with Chanel's Requests, including electronically stored information (such as text messages and emails between and among Eairinn, Deirdre, and Horgan). Following briefing and oral argument, the Court ordered Defendants to produce documents by November 28, 2022. Defendants defaulted

on this obligation.  Following a compliance conference on February 1, 2023, Defendants were ordered to complete their production of documents, on or before March 8, 2023.

7.      The day before this production was due, Horgan filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition").  Horgan is represented by the same law firm in connection with both the Civil Action and the Petition.  Chanel suspects that the Petition was filed improperly for the purpose of obstructing the Civil Action, and that discovery will show the Debtor is not in financial distress.

8.      Given the allegations of fraud pending against Debtor due to Debtor's manipulation of corporate documents to improperly receive funds, and Debtor's years-long concealment of this scheme, as well as the fact that Debtor waited until the eve of a document production deadline in the Civil Action to file this Petition, Chanel is concerned not only with the sufficiency of the information thus far provided by the Debtor in connection with its bankruptcy case, but also whether the Petition was filed in good faith.

9.      In fact, the Debtor's Status Report under 11 U.S.C. § 1188(c), (ECF No. 27), makes plain that the Petition is, in essence, a two-party dispute between Chanel and Debtor that is better litigated in the Civil Action—which has been pending for nearly three years—and not in this forum.  The Debtor's stated "goal" in filing the Petition "is to have this Court determine the validity of any proof of claim filed by Chanel," but that is precisely what Chanel seeks in the Civil Action; it should be resolved there.  (*See id.* ¶ 22.)

10.     Accordingly, in order to ensure the estate and its creditors, including Chanel, have as full and complete information as possible with respect to the Debtor's affairs, property, and financial condition, Chanel seeks an order from the Court directing the Debtor to produce the documents and information sought by the 2004 Subpoena and authorize the examination of the

Debtor pursuant to Bankruptcy Rule 2004.

11.    To be clear, Chanel is not seeking documents or information with respect to the Civil Action.  This Application seeks documents and information strictly with respect to the property and financial condition of the Debtor's bankruptcy estate in light of the incomplete information provided by the Debtor in this bankruptcy case to date.  This Application further seeks documents and information to ensure that the Petition has been filed in good faith.

## JURISDICTION

12.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2004.

## FACTUAL BACKGROUND

13.    On March 7, 2023, Horgan filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

14.    Shortly thereafter, Ronald J. Friedman was appointed as the chapter 11 trustee (the "Trustee") of Horgan's estate.

15.    On March 21, 2023, Horgan filed its Schedules of Assets and Liabilities, (ECF Nos. 17, 18), ("Schedules") and Statement of Financial Affairs, (ECF No. 20), (the "Statements").  The Schedules reflect that the Debtor's sole asset is $2,000 in cash and that the Debtor has no deposits, accounts receivable, office furniture, fixtures and equipment, collectibles, intangibles and intellectual property, nor any other assets.  The Statements show the Debtor's revenue was $18,186.00 in 2021, $4,602.35 in 2022, and $16.88 from January 1, 2023 through March 7, 2023.

16.     The Schedules reflect that Chanel is by far the Debtor's largest unsecured creditor at $300,000.00; the next largest unsecured creditor is the Small Business Administration, which is owed a contingent, unliquidated, and disputed $39,500.00 based on a "PPP Loan," followed by American Express, which has a $15,740.00 claim for "Business Credit Charges." Chanel's claim accounts for over 75% of the Debtor's liabilities.

17.     A Bankruptcy Code Section 341(a) meeting of creditors (the "341 Meeting") is set to take place on April 13, 2023 at 11:00 a.m. via teleconference.

## RELIEF REQUESTED

18.     To determine the universe of assets and information related thereto that Horgan, its estate and affiliates have, Chanel requests entry of an order directing Horgan to produce all of the documents in its custody, control, or possession that are described in the subpoena attached hereto as **Exhibit A** (the "2004 Subpoena") within thirty (30) days after the entry of an order, if any, granting this Application, or such other dates to which Chanel may agree.

19.     Additionally, Chanel requests that the Court order Horgan to provide testimony, through a corporate designee with requisite personal knowledge, with respect to documents and information sought by the 2004 Subpoena, on such dates and times as Horgan and Chanel may mutually agree, or the Court may order after the production of documents requested in this Application, but in no event later than sixty (60) days after the entry of an order, if any, granting this Application.

**BASIS FOR RELIEF**

20.     Bankruptcy Rule 2004 provides that upon the request of "any party in interest," the Court may direct the examination of and production of documents by "any entity" pertaining to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Bankruptcy Rule 2004 further provides that:

> [In] a reorganization case under chapter 11 of the [Bankruptcy] Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Examinations under Bankruptcy Rule 2004 may include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, and any matter which may affect the administration of the debtor's estate.

21.     Rule 2004 examinations "are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred."  *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted).  Thus, courts recognize that Bankruptcy Rule 2004 examinations are generally "broad and unfettered and in the nature of fishing expeditions."  *See id.* (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)).

22.     To obtain approval of an examination pursuant to Bankruptcy Rule 2004, the party seeking the examination must show "good cause" for the examination.  *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017).  In evaluating a request for a Bankruptcy Rule 2004 examination, the Court must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination."  *Id.* (citation omitted).

23.     Here, the documents, information, and examination sought by the 2004 Subpoena are basic and necessary to help ensure the estate and its creditors have full and complete information regarding the Debtor's business affairs and financial condition.  It is critical that the Debtor disclose as much information as possible regarding the value of its assets and the nature of its prepetition transactions and businesses.  This information is highly relevant to the restructuring of Debtor's businesses and the interests of Chanel and similarly situated creditors far outweigh any prejudice to the Debtor, as the very purpose of Bankruptcy Rule 2004 is to ensure complete disclosure regarding the Debtor's affairs, conduct, and financial condition.

24.     In addition, according to the Proof of Claim filed by the Small Business Administration ("SBA"), pursuant to Debtor's Loan Authorization and Agreement, dated June 25, 2020, Debtor was obligated to:

> maintain current and proper books of account in a manner satisfactory to SBA for the most recent 5 years until 3 years after the date of maturity, including extensions, or the date this Loan is paid in full, whichever occurs first.  Such books will include [Debtor's] financial and operating statements, insurance policies, tax returns and related filings, records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of [Debtor's] capital stock, members, partners and proprietors.

(Proof of Claim 1-1, Part 2 at 4.)  Thus, many of the documents sought by the 2004 Subpoena should be readily available.

25.     Therefore, Chanel respectfully submits that good cause exists to direct the production of documents by the Debtor and the examination of the Debtor pursuant to the 2004 Subpoena and Bankruptcy Rule 2004.

**PROPOSED PROCEDURE**

26.     Chanel proposes that any examination be held at the offices of its counsel, Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020,

or at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5), and 9016.

27.     In accordance with Rule 2004(c), Chanel proposes to serve Horgan with a subpoena *duces tecum* requesting such documents and/or electronic files as are required to assist with Chanel's investigation of the Debtor's estates, as set forth in Exhibit A hereto.  Chanel proposes to serve any subpoena *duces tecum* at least 20 days prior to the due date for any documents and/or electronic files, and, if Chanel is requesting an examination, at least 30 days prior to the scheduled deposition.

28.     Chanel submits that the foregoing procedures will give fair and adequate notice to Horgan and are consistent with Bankruptcy Rules 2004 and 9016.

## NOTICE

29.     Notice of this Application has been provided to the following parties: (i) counsel to the Debtor; (ii) the office of the United States Trustee for the Southern District of New York; (iii) the chapter 11 Trustee; and (iv) the parties requesting notice under Bankruptcy Rule 2002.  Chanel submits that no other or further notice is required.

30.     This Application includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated.  Accordingly, Chanel respectfully submits that this Application satisfies the requirements of Local Bankruptcy Rule 9013-1(a).

## NO PRIOR RELIEF

31.     Except as detailed herein, no prior application for the relief sought herein has been made to this or any other court.

## CONCLUSION

32.     Based on the facts and authorities set forth above, Chanel respectfully requests that the Court grant this Application and enter an order (i) directing the production of documents by

Horgan pursuant to Bankruptcy Rule 2004; (ii) authorizing the examination of Horgan pursuant to

Bankruptcy Rule 2004; and (iii) granting such other and further relief as the Court deems just and

proper.

                                              **LOWENSTEIN SANDLER LLP**

Dated:  April 5, 2023

                                              _/s/  Michael A. Kaplan_
                                              Jeffrey Cohen, Esq.
                                              Michael A. Kaplan, Esq.
                                              Rebecca J. Ryan, Esq.
                                              1251 Avenue of the Americas, 17th Floor
                                              New York, New York 10020
                                              Telephone: (212) 262-6700
                                              Facsimile: (212) 262-7402
                                              Email: jcohen@lowenstein.com
                                              Email: mkaplan@lowenstein.com
                                              Email: rryan@lowenstein.com


                                              _Counsel to Chanel, Inc._

**EXHIBIT A**

## DOCUMENT REQUESTS

1.      All Documents and Communications Concerning Your financial and operating statements from the Relevant Time Period (i.e., March 7, 2013 to March 7, 2023), including without limitation bank statements, reconciliations, financial statements, profit and loss statements, and income statements.

2.      All Documents and Communications Concerning Your insurance policies from the Relevant Time Period.

3.      All Documents and Communications Concerning Your tax returns and related filings from the Relevant Time Period.

4.      All Documents and Communications Concerning Your records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of Your capital stock, members, partners and proprietors during the Relevant Time Period.

5.      All Documents and Communications Concerning the operation of Your business during the Relevant Time Period.

6.      Documents sufficient to show any and all of Your employees during the Relevant Time Period.

7.      All Documents and Communications Concerning the source of any money or property acquired or to be acquired by You for purposes of consummating a plan, and the consideration given or offered therefor.

8.      All Documents and Communications relating to Your corporate organization, operation, and existence, including but not limited to articles of incorporation, by-laws, and meeting minutes.

9.      All Documents and Communications relating to payments from You to Deirdre and/or to Aska (or to any entities owned by Deirdre or Aska, and/or to any member of Deirdre's or Aska's immediate family) during the Relevant Time Period, including without limitation checks, wire transfers, and minutes, notes, memoranda, or correspondence concerning deliberations or decisions by You about making or refraining from making any payments.

10.     All Documents and Communications Concerning the liabilities listed on the Schedules.

11.     All Documents and Communications Concerning the assets listed on the Schedules.

12.     All Documents and Communications concerning Your revenues during the Relevant Time Period.

13.     All reports prepared for You by an auditor or accounting firm, including related financial statements, notes, and any supplemental schedules.

14.     Account statements, signature cards, flow charts, written descriptions, and periodic reports concerning the flow of funds for all bank, money market, investment or other accounts maintained by Horgan.

## SUBJECTS OF TESTIMONY

1.      The Documents and Communications produced by You in connection with this Subpoena.

2.      The business of Horgan.

3.      The reorganization plan.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HORGAN, INC., | Case No. 23-10325-DSJ |
| Debtor. | |

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES
### OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATION OF
### HORGAN, INC. AND PRODUCTION OF DOCUMENTS

Upon the application, dated April 5, 2023 (the "Application"), of Chanel, Inc. (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 directing the production of documents by and oral examination of Horgan, Inc. ("Horgan"), by Horgan, and/or any other employee of Horgan most knowledgeable about the requests described in **Exhibit A** to the Movant's Application (the "Rule 2004 Topics"); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of Horgan, by Horgan, or such other employee of Horgan who is most knowledgeable regarding the Rule 2004 Topics.

2.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue a subpoena for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examination (the "Rule 2004 Subpoena").

3.      Horgan shall produce the documents (including electronically stored information) in its possession, custody or control referenced in the Rule 2004 Subpoena not later than 20 days after the service of such subpoena, the Application and a copy of this Order, to be

delivered to Jeffrey Cohen, Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020 (the Movant's counsel).

4.       Horgan or any other employee of Horgan most knowledgeable about the Rule 2004 Topics, shall appear for the foregoing examination not later than thirty (30) days after the date of service of the Rule 2004 Subpoena, the Application and a copy of this Order at the offices of Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020.

5.       The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, Horgan shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6.       Horgan shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7.       All disputes concerning Rule 2004 Subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced.  The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced.  Copies of such letter briefs shall also be emailed to the Court's chambers.

8.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, _____
           New York, New York

_____
   UNITED STATES BANKRUPTCY JUDGE